# JONES DAY

90 SOUTH SEVENTH STREET • SUITE 4950 • MINNEAPOLIS, MINNESOTA 55402

TELEPHONE: +1.612.217.8800 • FACSIMILE: +1.844.345.3178

DIRECT NUMBER: (612) 217-8858
TVITT@JONESDAY.COM

October 8, 2021

*[Handwritten annotation: Application granted. Provisionally sealed for seven days. SO ORDERED. [signature] 10-12-21]*

CM/ECF

Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Simon Property Group, L.P. v. U.S. Bank National Assoc.*, Case No. 21-cv-7850 (PKC)

Dear Judge Castel:

We represent Defendant U.S. Bank National Association ("U.S. Bank"). The above-captioned case was transferred into this Court from the Eastern District of Texas on September 17, 2021. Dkt. 322 in *AlexSam, Inc. v. Simon Property Group, L.P. et al.*, Case No. 2:19-cv-00331 (E.D. Tex.).[1] An Amended Protective Order was entered in that case (EDTX Dkt. 190), whereby certain documents produced and/or filed by plaintiff Simon Property Group, L.P., ("SPG") were designated as confidential and have not been publicly disclosed.

U.S. Bank is filing today its Opposition to SPG's Motion for Summary Judgment (EDTX Dkt. 305) ("Opposition Brief"). Its Opposition Brief and certain accompanying papers either are, or make reference to, documents that have been designated confidential under the Amended Protective Order (EDTX Dkt. 190).

The Initial Pretrial Conference, pursuant to Rule 16, Fed. R. Civ. P., is scheduled to take place in this case on November 22, 2021 at 12:00 PM (Dkt. 4). Counsel for SPG have not yet entered appearances with this Court. In email correspondence SPG indicated that it needs more time to determine what information in the present filing requires sealing/redaction. SPG further indicated that third parties' confidential information may be implicated by today's filing. To be clear, outside of its obligations to maintain these materials under seal pursuant to the Amended Protective Order (EDTX Dkt. 190, at ¶ 3), U.S. Bank does not believe that any of the information in its Opposition Brief or attachments requires sealing. Nevertheless, in view of SPG's position, U.S. Bank respectfully requests that certain of its papers be provisionally sealed for seven (7) days.

---

[1] Further references to docket entries in *AlexSam, Inc. v. Simon Property Group, L.P. et al.*, Case No. 2:19-cv-00331 (E.D. Tex.) will be cited as "EDTX Dkt. #."

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

October 8, 2021
Page 2

or such other time period as set by the Court. This will allow SPG or any third party believing that sealing or redactions are required to seek relief within that time pursuant to the Court's individual practices. In particular:

- **U.S. Bank's Opposition Brief.** The Opposition Brief quotes extensively from the parties' agreement, which SPG filed under seal. The Opposition Brief also contains information from SPG's Motion for Summary Judgment of Noninfringement (EDTX Dkt. 304), which SPG also filed under seal. Additionally, it quotes from SPG's Motion for Summary Judgment against U.S. Bank, which was also filed under seal. For these reasons, redaction would be impractical and U.S. Bank requests that the Opposition Brief be provisionally sealed.
- **Exhibit 2** to the First Declaration of Joshua M. Taylor in Support of U.S. Bank's Opposition Brief ("Taylor Declaration"). Exhibit 2 is relevant excerpts from SPG's Motion for Summary Judgment of Noninfringement (EDTX Dkt. 304), which SPG filed under seal.
- **Exhibit 7** to the Taylor Declaration. Exhibit 7 is relevant excerpts from SPG's Answers to U.S. Bank's Second Set of Interrogatories, which SPG designated as "Restricted – Attorney's Eyes Only."
- **Declaration of Cindy Carvelli-Yu** in Support of U.S. Bank's Opposition Brief ("Carvelli-Yu Declaration"). The Carvelli-Yu Declaration discusses the parties' agreement and some details of the gift card program. While U.S. Bank does not believe that any of the information in the Carvelli-Yu Declaration requires redaction or sealing, it requests provisional sealing out of an abundance of caution.
- **U.S. Bank's Local Rule 56.1(b) Response to SPG's Local Rule 56.1(a) Statement.** As required by this Court's individual practices, U.S. Bank's Response quotes verbatim the statement of undisputed facts in SPG's Motion for Summary Judgment Against U.S. Bank (EDTX Dkt. 305), which SPG filed under seal.

Once SPG specifies the precise information requiring sealing, if any, and the Court approves, U.S. Bank will promptly submit a redacted, public filing of the foregoing materials.

The Second Circuit has articulated a three-part test for determining whether the common-law right of public access applies. First, the court must determine whether the document at issue is a judicial document. "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (*"Amodeo I"*)). If the court determines that the documents are judicial in nature, public access is presumed. *Id.*

JONES DAY

October 8, 2021
Page 3

Second, the court must determine the weight of that presumption. The weight of the presumption is "governed by the role of the material at issue in the exercise of Article III judicial power," which generally ranges from "matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")).

Finally, the court must balance the presumption of access against any competing considerations, such as "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *Amodeo II*, 71 F.3d at 1050). When determining the weight to be accorded an assertion of a right of privacy, the Second Circuit has instructed that courts "should first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo II*, 71 F.3d at 1051.

Here, outside of its obligations to maintain these materials under seal pursuant to the Amended Protective Order (EDTX Dkt. 190), U.S. Bank does not believe that any of its papers require sealing or redaction. However, because U.S. Bank is bound by the Amended Protective Order from the transferring court (EDTX Dkt. 190), and because SPG has indicated that it needs more time to determine whether it believes any sealing or redaction is required, U.S. Bank asks the Court to provisionally seal certain of its papers, as described above, for seven (7) days or such other time period the Court believes to be appropriate. This will give SPG and third parties an opportunity to seek appropriate relief within that time.

Respectfully submitted,

*/s/ J. Thomas Vitt*

J. Thomas Vitt