UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SIMON PROPERTY GROUP, L.P.,

Plaintiff,

-against-

U.S. BANK NATIONAL ASSOCIATION,

Defendant.
-----------------------------------------------------------x

21-cv-7850 (PKC)

OPINION AND ORDER

CASTEL, U.S.D.J.

Plaintiff Simon Property Group, L.P. ("SPG") and defendant U.S. Bank National Association ("U.S. Bank") have filed eight unopposed letter-motions to seal materials submitted in connection with SPG's motion for summary judgment, such as portions of briefs or exhibits referring to or quoting from the prepaid gift card agreement between the parties (the "Agreement"). (Doc 27, 33, 36, 43, 59, 64, 68, 70.) These motions are listed and summarized below for reference:

1. SPG's October 15, 2021 letter-motion (Doc 27) to seal portions of:

   i. U.S. Bank's opposition brief;

   ii-iii. Exhibits 2 and 7 to the Declaration of Joshua M. Taylor in support of U.S. Bank's opposition brief (SPG's motion for summary judgment against AlexSam and SPG's answers to U.S. Bank's second set of interrogatories);

   iv. Declaration of Cindy Carvelli-Yu in support of U.S. Bank's opposition brief; and

   v. U.S. Bank's Local Rule 56.1(b) Response to SPG's Local Rule 56.1(a) Statement.

2.       SPG's November 2, 2021 letter-motion (Doc 33) to seal portions of its reply brief referring to and quoting from provisions of the Agreement.

3.       U.S. Bank's November 10, 2021 letter-motion (Doc 36) to seal its November 10, 2021 letter brief seeking leave to file a sur-reply brief in response to SPG's reply brief in support of its motion for summary judgment.

4.       U.S. Bank's November 19, 2021 letter-motion (Doc 43) to seal:

    i.     Portions of U.S. Bank's sur-reply brief referencing provisions of the Agreement, and

    ii.    Exhibit 1 to the Declaration of Joshua M. Taylor in support of U.S. Bank (deposition transcript excerpts).

5.       U.S. Bank's March 25, 2022 letter-motion (Doc 59) to seal:

    i.     U.S. Bank's supplemental briefing opposing SPG's motion for summary judgment, and

    ii.    Exhibits to the Declaration of Joshua M. Taylor in support of U.S. Bank's supplemental briefing (deposition transcript excerpts, excerpts from SPG's and AlexSam's respective expert reports on damages, and an internal slide deck prepared by U.S. Bank for SPG).

6.       SPG's March 25, 2022 letter-motion (Doc 64) to seal:

    i.     SPG's supplemental briefing in support of its motion for summary judgment;

    ii-iv.  Exhibits 1-3 to SPG's supplemental briefing (deposition transcript excerpts);

    v.     Exhibit 4 to SPG's supplemental briefing (internal slide deck prepared by U.S. Bank for SPG); and

    vi.   Exhibits 5-6 to SPG's supplemental briefing (deposition transcript excerpts).

7.       SPG's May 2, 2022 letter-motion (Doc 68) to seal portions of the materials for which it sought sealing in its March 25, 2022 letter motion.

    8. U.S. Bank's May 3, 2022 letter-motion (Doc 70) to seal portions of the materials for which it sought sealing in its March 25, 2022 letter motion.

For reasons to be explained, as to certain materials, the parties have identified privacy interests that outweigh a presumption of access. As to others, the presumption of public access outweighs any harm of closure. Accordingly, the motions will be granted in part and denied in part.

DISCUSSION

A. Applicable Law

A three-step analysis governs whether a filing may be submitted under seal or with redactions. First, a court determines whether the filing is a "judicial document;" second, it determines the weight of the presumption of access afforded to the document; and third, the court identifies and weighs factors "that legitimately counsel" against public access. Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020). Sealing or redaction is warranted if the privacy interests of the party resisting disclosure outweigh the presumption of access. Id.

Judicial documents are materials that are "'relevant to the performance of the judicial function and useful in the judicial process . . . .'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")). "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." Id. at 121. Summary judgment filings should not remain under seal "absent the most compelling reason" or "absent exceptional circumstances" because the act of formal adjudication should be subject to public scrutiny. Id. (quotation marks omitted).

The right of public access to a judicial document arises both from the First Amendment and common law. Lugosch, 435 F.3d at 119-20. In determining the First Amendment right to access, courts consider whether the documents have historically been open to the press and public and whether public access plays a significant and positive role in the judicial process. Bernstein, 814 F.3d at 141. The common law presumption of access is based on the general right of the public to inspect and copy judicial records and other documents, and predates the United States Constitution. Id. at 142.

"Finding that a document is a 'judicial document' triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." Newsday LLC v. Cnty. of Nassau, 730 F.3d 156, 167 n.15 (2d Cir. 2013). The right to access is not absolute, however, and the weight afforded to the presumption may vary, depending on the document's role in the judicial process. Lugosch, 435 F.3d at 121. When documents directly affect an adjudication or are used to determine the litigants' substantive legal rights, "the presumption of access is at its zenith" and can only be overcome by "extraordinary circumstances." Bernstein, 814 F.3d at 142. "It is not, and should not be, an easy matter to deny the public access to documents that are utilized in judicial proceedings and form part of the basis of judicial decision-making, since the public is ordinarily entitled to review such material in order to understand and evaluate the actions of the courts." Newsday, 730 F.3d at 167 n.15. When there is a strong presumption of access, as is the case here, "'continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'" Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019) (quoting Lugosch, 435 F.3d at 124).

Redaction may be appropriate to protect confidential information. Amodeo II, 71 F.3d at 1047-48. Courts must consider the "nature and degree of the injury" if information is publicly disclosed. Mirlis, 952 F.3d at 61. Information should not be redacted merely because it might harm a party's public reputation. Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thai.), No. 09 Civ. 995(BSJ), 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009) (Jones, J.). The privacy interests of innocent third parties also "should weigh heavily in a court's balancing equation." S.E.C. v. TheStreet.Com, 273 F.3d 222, 232 (2d Cir. 2001) (quotation marks omitted).

B. Application

The materials which the parties seek to seal were submitted in connection with a summary judgment motion. As such, they are all judicial documents afforded a high presumption of public access. Lugosch, 435 F.3d at 121.

The Court also notes, as a general matter, that this breach-of-contract action focuses on SPG's claim to defense and indemnification from U.S. Bank as to the patent infringement action brought against SPG by AlexSam, Inc. in the Eastern District of Texas[1] (the "AlexSam Action"), which concluded on March 18, 2022, with judgment entered in favor of defendants SPG and Blackhawk Network, Inc., and dismissing the case with prejudice. (AlexSam Action Doc. 441.) Accordingly, SPG and U.S. Bank's strategy and confidentiality interests in information implicated in the AlexSam Action—such as attorneys' fees—have considerably weakened.

[1] AlexSam, Inc. v. Simon Prop. Grp., L.P., et al., No. 2:19-cv-00331 (E.D. Tex.).

        i.       SPG's October 15, 2021 Letter-Motion

SPG's October 15, 2021 letter-motion seeks to seal portions of: (1) U.S. Bank's opposition brief; (2) Exhibit 2 to the Declaration of Joshua M. Taylor in support of U.S. Bank's opposition brief; (3) Exhibit 7 to the same declaration; (4) the Declaration of Cindy Carvelli-Yu in support of U.S. Bank's opposition brief; and (5) U.S. Bank's Local Rule 56.1(b) response to SPG's Local Rule 56.1(a) statement.

Specifically, SPG seeks to redact only portions of the above documents "that touch upon one of . . . three categories:" (1) "references to and quotes of specific provisions of" the Agreement; (2) "confidential information concerning the functionality and operation of [SPG's] products" and (3) "the amount of attorneys' fees incurred by [SPG.]"

As to the first category, references and quotes to the Agreement are central to the adjudication of this breach-of-contract dispute. Therefore, "the presumption of access is at its zenith" and can only be overcome by "extraordinary circumstances." Bernstein, 814 F.3d at 142. The Court concludes that SPG has failed to establish extraordinary circumstances for sealing here, despite its argument that access to the Agreement would provide SPG's competitors or potential business partners with insight into SPG's business and contractual terms to which it will agree. Here, the potential information asymmetry in future contract negotiations does not overcome the strong presumption of access to the judicial documents at issue. Furthermore, the Court notes, as SPG also does, that the Agreement with Simon is no longer in place because the business relationship between SPG and U.S. Bank terminated in 2014. To the extent that this Agreement may inform potential business partners or competitors of SPG about what SPG will accept in a contract, almost a decade has passed since the Agreement's termination and any insight that may be gleaned will have decreased in relevance. In other words, the "nature and

degree of the injury" to SPG's perceived business interest in this regard appears to be limited in scope. Mirlis, 952 F.3d at 61.

As to the second category, information regarding the functionality and operation of SPG's gift card products is highly relevant to the adjudication of the instant case, as the parties dispute whether, based on their responsibilities under the Agreement for the gift card programs, U.S. Bank is obligated to defend and indemnify SPG in the suit brought before the Eastern District of Texas by AlexSam, Inc. ("AlexSam").[2] The Court has reviewed SPG's proposed redactions and concludes that the strong presumption of access is not overcome by the potential injury stemming from disclosure of the redacted material implicated by the letter-motion, except as to Exhibit 2 (SPG's motion for summary judgment against AlexSam), which the Court concludes is narrowly tailored to protect competitive business information and that the sensitivity of this information outweighs the presumption of access to these documents. The proposed redactions for Exhibit 2 apply to highly technical information that do not appear relevant to the responsibilities of SPG or U.S. Bank under the Agreement.

As to the third category of information regarding SPG's attorney's fees, the Court concludes that the sensitivity of this information—when considering its significantly decreased strategic relevance following the resolution of the AlexSam Action—does not outweigh the presumption of the public's access to these documents, filed in connection with the adjudication of SPG's motion for summary judgment.

SPG's letter-motion of October 15, 2021 will be denied as to references to and quotes of specific provisions of the Agreement. It will be denied in part and granted in part as to

[2] This action was severed from AlexSam, Inc. v. Simon Prop. Grp., L.P., et al., No. 2:19-cv-00331 (E.D. Tex.) and transferred to this Court on September 21, 2021. (Doc 3.)

information concerning the functionality and operations of SPG's products as explained above. It will be denied as to the information regarding attorneys' fees incurred by SPG.

ii. SPG's November 2, 2021 Letter-Motion

SPG's November 2, 2021 letter-motion (Doc 33) seeks to seal portions of its reply brief referring to and quoting from provisions of the Agreement. The Court has reviewed SPG's proposed redactions. (Doc 34-1.) For the reasons noted above in denying SPG's October 15, 2021 letter-motion to seal portions of documents referring to or quoting from the Agreement, SPG's November 2, 2021 letter-motion to seal will be denied.

iii. U.S. Bank's November 10, 2021 Letter-Motion

U.S. Bank's November 10, 2021 letter-motion (Doc 36) seeks to seal its letter-brief filed on the same day requesting leave to file a sur-reply brief, reasoning that the letter-brief references provisions from the Agreement. For the reasons noted above in denying SPG's requests to seal portions of documents referring to or quoting from the Agreement, U.S. Bank's letter-motion to seal will be denied.

iv. U.S. Bank's November 19, 2021 Letter-Motion

U.S. Bank's November 19, 2021 letter-motion (Doc 43) seeks to seal portions of its sur-reply brief referencing provisions of the Agreement and Exhibit 1 to the Declaration of Joshua M. Taylor in support of U.S. Bank's sur-reply, which are excerpts from a deposition transcript that SPG designated as confidential pursuant to a protective order filed in the Eastern District of Texas.

For the reasons noted above in denying the parties' requests to seal portions of documents referring to or quoting from the Agreement, U.S. Bank's November 19, 2021

letter-motion to seal will be denied as to the portions of its sur-reply that reference provisions of the Agreement.

As to Exhibit 1 to the Declaration of Joshua M. Taylor in support of U.S. Bank's sur-reply, which are excerpts from the June 15, 2021, deposition of Keela Wicker, SPG's corporate witness in the case before the Eastern District of Texas, the Court has reviewed the four-page exhibit and cannot identify a potential injury to SPG from disclosure that would rebut the strong presumption of access here. Discounting the transcript cover page and the certificate by the notary public, the exhibit contains two pages of substance, in which Ms. Wicker, in essence, states that (1) she has been a project manager at SPG for 19 years; (2) currently manages the SPG gift card program, as she has done so for her 19 years at SPG; and (3) that she handles operational aspects of the program such as customer service and regulatory compliance. Accordingly, U.S. Bank's letter-motion to seal will also be denied as to Exhibit 1.

v. U.S. Bank's March 25, 2022 and May 3, 2022 Letter-Motions

The Court will deny U.S. Bank's March 25, 2022 letter-motion (Doc 59) in light of U.S. Bank's May 3, 2022 letter-motion (Doc 70). The May 3, 2022 letter-motion is an updated version of the March 25, 2022 letter-motion seeking to seal U.S. Bank's supplemental briefing and exhibits attached to Joshua M. Taylor's declaration in support of U.S. Bank's supplemental briefing, filed on March 25, 2022.

Specifically, U.S. Bank's May 3, 2022 letter-motion seeks to seal U.S. Bank's supplemental briefing opposing SPG's motion for summary judgment and various exhibits to the Declaration of Joshua M. Taylor in support of U.S. Bank's supplemental briefing, which are transcripts of recently taken depositions, excerpts from SPG's and AlexSam's respective expert reports on damages, and what appears to be a December 2004 presentation deck presented by

U.S. Bank to SPG.  U.S. Bank argues that portions of the subject materials reference or quote from the Agreement and that "some of the deposition testimony discusses U.S. Bank's sensitive business and strategic considerations relating to its gift card program, information which is of negligible interest to the public, but potential interest to U.S. Bank's competitors." (Doc 70 at 2.)  U.S. Bank does not take a position as to why the expert reports should be sealed apart from their designation as confidential materials by SPG and AlexSam, and does not discuss at all the presentation deck filed under seal as Exhibit 6.  (See Doc 59; Doc 70.)

        For the reasons noted above in denying the parties' requests to seal portions of documents referring to or quoting from the Agreement, U.S. Bank's letter-motion to seal will be denied as it relates to portions of the supplemental briefing and exhibits to the Taylor declaration which reference and quote from the Agreement.

        As to the recently conducted depositions, the Court has reviewed the proposed redactions and concludes that the potential injury from disclosure does not rebut the strong presumption of access here.  For example, the proposed redaction for Exhibit 1 (the deposition transcript of Mark Payne) relates to questions and responses regarding SPG's monitoring of tort filings against the company.  (Doc 62-1 at 17:15-18:12.)  This discussion is highly relevant to the adjudication of this breach-of-contract case, specifically, regarding whether SPG provided notice to U.S. Bank in a "reasonably prompt" manner—the robustness of SPG's existing ability to monitor suits filed against it speaks to what would be a reasonable amount of time for SPG to identify and notify parties from whom it can seek defense and indemnification obligations.  Similarly, the proposed redactions for the Exhibit 2 (the deposition transcript of Danita Mosey) discusses SPG's other business partners in SPG's gift card programs, and are also relevant to determining what a reasonable amount of time would have been for SPG to identify and notify

entities implicated by the suit in the Eastern District of Texas—the more partners they had, the longer it would presumably take to identify and notify parties, and vice-versa. (See, e.g., Doc 62-2 at 8:24-9:7.) Other proposed redactions describe the operation of the gift card programs and the parties' responsibilities, which are relevant to the issue of defense and indemnification under the Agreement, as the obligations relate to U.S. Bank's responsibilities arising out of the agreement. (See, e.g., id. at 53.) Accordingly, U.S. Bank's May 3. 2022 letter-motion will be denied as to the recent deposition transcripts.

As to excerpts from SPG's and AlexSam's respective expert reports on damages, the Court concludes that U.S. Bank's request to seal such information is narrowly tailored to protect competitive business information and that the sensitivity of this information outweighs the presumption of access to these documents. The damages figures appear to be of limited relevance to the instant action before the Court. Accordingly, U.S. Bank's May 3, 2022 letter-motion will be granted as to the excerpts of the expert reports on damages.

Finally, the Court notes that on March 25, 2022, U.S. Bank also filed under seal Exhibit 6 to the Taylor declaration, which appears to be a December 2004 presentation by U.S. Bank to SPG regarding its gift card capabilities. The presentation materials are relevant to the adjudication of the instant case—the parties dispute their defense and indemnification responsibilities under the Agreement and the presentation discusses U.S. Bank's gift card capabilities as well as indemnification. Accordingly, the Court concludes that the strong presumption of disclosure here is not overcome and will deny the letter-motion to seal as to Exhibit 6 to the Taylor declaration.

     vi.  SPG's March 25, 2022 and May 2, 2022 Letter-Motions

  The Court will deny SPG's March 25, 2022 letter-motion (Doc 64) in light of SPG's May 2, 2022 letter-motion (Doc 68), which is an updated sealing request for the same materials referenced in SPG's March 25, 2022 letter-motion.[3]

  Specifically, SPG's May 2, 2022 letter-motion seeks to seal the following: (1) SPG's supplemental briefing in support of its motion for summary judgment; (2) excerpts of deposition transcripts attached as exhibits to SPG's supplemental briefing; and (3) a December 2004 presentation by U.S. Bank to SPG attached as an exhibit to SPG's supplemental briefing.

  For the reasons noted above in denying the parties' requests to seal portions of documents referring to or quoting from the Agreement, SPG's letter-motion to seal will be denied as it relates to portions of the supplemental briefing and exhibits to its supplemental briefing which reference and quote from the Agreement.

  The Court has reviewed the materials described as containing "confidential and proprietary information concerning the functionality and operation of the prepaid gift card program and/or [SPG's] business operations" and "evidence related to amounts of attorneys' fees," which SPG also cites as reasons for sealing.  (Doc 70 at 3.)  The Court concludes that the risk of injury from disclosure of the supplementary briefing and attached exhibits does not outweigh the strong presumption of public access to these documents, which were filed for the purposes of adjudicating SPG's motion for summary judgment and U.S. Bank's request for summary judgment as a non-movant.  Furthermore, the materials implicated by this letter-motion

---

[3] The exhibits referenced in SPG's March 25, 2022 and May 2, 2022 letter-motions slightly differ.  The March 25, 2022 letter-motion seeks to seal seven documents, including Exhibit 1 to SPG's supplemental briefing (excerpts of the 2021 deposition transcript of Danita Mosey, SPG's 30(b)(6) designee).  The May 2, 2022 letter motion, however, seeks to seal only six documents and does not refer to the 2021 deposition of Mosey, instead referring to the excerpts of Cindy Carvelli-Yu's deposition as Exhibit 1.  For the purposes of resolving SPGs updated letter-motion, the Court will consider all the exhibits referenced in the original March 25, 2022 letter-motion.

do not appear to reveal proprietary technical information, as suggested by the letter-motion. The materials contain highly relevant information, such as provisions of the Agreement dealing with defense and indemnification obligations, the parties' understood responsibilities under the Agreement and SPG's internal procedures for monitoring litigation, such as the action brought by AlexSam before the Eastern District of Texas.

Accordingly, SPG's May 2, 2022 letter-motion to seal will be denied.

C. SPG's September 13, 2021 Submissions

On September 13, 2021, prior to severance of the instant action and pursuant to a protective order issued before the Eastern District of Texas, SPG filed under seal its motion for summary judgment, the Declaration of Timothy J. Carroll in support of its motion for summary judgment and various exhibits. (E.D. Tex. Doc 305.) The motion and the accompanying materials were transferred to this Court's docket for adjudication on May 5, 2022, still under seal. (Doc 73.) The protective order filed in the Eastern District of Texas, on which SPG relied, states that confidential material "shall be filed under seal and shall remain under seal until further order of the Court." (E.D. Tex. Doc 190.)

Having reviewed the sealed materials submitted in connection to SPG's motion for summary judgment, the Court concludes that: (1) these documents are judicial documents afforded a high presumption of public access, Lugosch, 435 F.3d at 121, (2) that this strong presumption of public access is at its zenith because the information contained in the materials are directly relevant to the adjudication of SPG's motion for summary judgment, Bernstein, 814 F.3d at 142, and (3) that the risk of any injury as a result of disclosure does not outweigh the presumption of public access. For example, the Agreement, submitted as Exhibit 1 to the declaration of Timothy J. Carroll, is central to the adjudication of this breach-of-contract dispute,

as it lays out the parties' responsibilities under the Agreement, including the procedure for and scope of the parties' defense and indemnification obligations central to this case. (Doc 73-2; 73-3; 73-4; 73-5.)

Accordingly, the Court will order that the materials filed under seal by SPG before the Eastern District of Texas on September 13, 2021 and transferred to this Court's docket on May 5, 2022 be unsealed and filed in unredacted form.

CONCLUSION

The Court has considered all the arguments of the parties, including those not expressly referenced. SPG's October 15, 2021 letter-motion to seal is DENIED in part and GRANTED in part. SPG's November 2, 2021 letter-motion to seal, U.S. Bank's November 10, 2021 letter-motion to seal, U.S. Bank's November 19, 2021 letter-motion to seal, SPG's March 25, 2022 letter-motion to seal, U.S. Bank's March 25, 2022 letter-motion to seal and SPG's May 2, 2022 letter-motion to seal are DENIED. U.S. Bank's May 3, 2022 letter-motion to seal is DENIED in part and GRANTED in part. SPG will also file its opening brief in support of its motion for summary judgment, the Declaration of Timothy J. Carroll and exhibits to the declaration in unredacted form. Within seven days, the parties shall publicly file the documents discussed as set forth above. The Clerk of the Court is respectfully directed to terminate the motions (Doc 27, 33, 36, 43, 59, 64, 68, 70).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 13, 2022